UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE SENTEZ SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendants. | No. 2:14-cv-0537 AC<br><br><br>ORDER |

The case was referred to the undersigned by E.D. Cal. R. 302(c)(15). Before the court is defendant Colvin's ("the Commissioner") motion to reconsider the court's order granting plaintiff's motion for summary judgment and remanding for the determination of benefits. ECF No. 24. For the reasons discussed below, the court will deny the Commissioner's motion.

I. LEGAL STANDARD

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), cert. denied, 529 U.S. 1082 (2000)). However, "amending a judgment after its entry remains an extraordinary remedy which should be

1

used sparingly." Allstate, 634 F.3d at 1111 (internal quotation marks omitted). Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources." See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## II.  PROCEDURAL BACKGROUND

On February 25, 2014, plaintiff filed this action seeking reversal of the Commissioner's decision to deny him benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. ECF No. 1. On March 25, 2015, the court granted plaintiff's subsequent motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, reversed the Commissioner's decision, and remanded the matter to the Commissioner for an award of benefits. ECF No. 23. The court found that the Administrative Law Judge ("ALJ") improperly rejected the opinions of the examining physicians and all the residual functional limitations cited by those doctors. The court concluded that rejecting the examining physicians' opinions was legal error, as the rejection was not supported by substantial evidence in the record. The court further concluded that, crediting those opinions as true, plaintiff was disabled.

On April 22, 2015, the Commissioner moved to alter or amend the court's judgment. ECF No. 25. The motion argues only the first Allstate ground, and is based upon the Commissioner's view that it was legal error to remand for payment of benefits rather than for further proceedings. The parties have fully briefed the motion. ECF No. 29 (plaintiff's Opposition), 30 (Commissioner's Reply).

## III.  ANALYSIS

The court will deny the Commissioner's motion because its order remanding for the payment of benefits is not based on a manifest error of law. As the Commissioner correctly argues, the Ninth Circuit law governing remand for payment of benefits has been further developed beyond the cases cited by the court in its decision. However, that further development does not mandate a different result in this case. The Ninth Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to the Commissioner with instructions to calculate and award benefits:

////

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  There is "flexibility" built into the rule, however.  Specifically, even if all three above factors are satisfied, the court should still remand for further proceedings, rather than for an award of benefits "when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Id. at 1021.

Although it did not specifically list the Garrison factors, the court's decision found all three factors to be met.  See ECF No. 23 at 21 ("ALJ did not provide 'clear and convincing' reasons for rejecting the examining doctors' opinions," and he also "failed to provide 'specific and legitimate reasons'" for doing so), 22 ("[t]he record is fully developed," and crediting the doctors' opinions as true, "the only outcome here . . . is that plaintiff is disabled . . .").  Further, contrary to the Commissioner's argument, the court did consider the record as a whole, and concluded that "the only outcome here, based on this record, is that plaintiff is disabled . . . ." ECF No. 23 at 22.  The court specifically considered the evidence the Commissioner now argues was not considered, namely, the "evidence" of malingering, the opinion of the reviewing doctor, Dr. Funkenstein (which is the same as Dr. Brooks's opinion),  the opinions of Drs. Lindgren, Scaramozzino and Torrez, and plaintiff's other appointments at the Parole Outpatient Clinic ("POC").

The record as a whole does not create "serious doubt" that plaintiff is, in fact, disabled.  To the contrary, as the court initially determined, when the opinions of Drs. Torrez and Scaramozzino are credited as true, the testimony of the Vocational Expert ("VE") makes clear that plaintiff could not maintain any employment in the general economy given the limitations outlined by those doctors.  See ECF No. 23 at 18-19.  As the court also noted, the ALJ stated that he was crediting the opinion of Dr. Torrez.  See AR 15 ("I credit the opinion of the consultative psychologist, and note that it is consistent with the prior consultative examination"), 16 ("I further

find that Dr. Torrez's opinion is not contradicted by the treatment records"). Moreover, the "prior consultative examination" was that of Dr. Scaramozzino. Yet, inexplicably, the ALJ rejected all the functional limitations that both doctors cited.

The Commissioner's motion offers no reason for the court to change its determination that the opinions of Drs. Torrez and Scaramozzino should be credited as true, other than mere disagreement with that decision. The motion will be denied where, as here, the Commissioner offers mere disagreement with the court's decision, and recapitulates the arguments it made before the court in its cross-motion for summary judgment. See Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1237 (E.D. Cal. 2010) (rejecting Rule 59(e) motion where plaintiff's "arguments on reconsideration simply recapitulate her original argument").

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the Commissioner's Motion to Alter or Amend Judgment (ECF No. 25), is DENIED.

DATED: October 14, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4